# IN THE COURT OF APPEALS OF IOWA

No. 19-1040
Filed January 21, 2021

**JENSE BERGANTZEL,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

　　　Jense Bergantzel appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

　　　Brian S. Munnelly, Omaha, Nebraska, for appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

　　　Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Jense Bergantzel appeals the dismissal of his fourth application for postconviction relief (PCR). We find his application was untimely and affirm.

In 2006, Bergantzel pleaded guilty to two counts of second-degree sexual abuse. In 2007, this court affirmed Bergantzel's direct appeal. *See State v. Bergantzel*, No. 07–0445, 2007 WL 4324010, at *1 (Iowa Ct. App. Dec. 12, 2007).

Bergantzel's first application for PCR, filed in 2009, alleged ineffective assistance by trial counsel for allowing him to plead guilty due to a lack of voluntariness and competency. *Bergantzel v. State*, No. 15-1273, 2016 WL 2745065, at *1 (Iowa Ct. App. May 11, 2016). The district court dismissed the application in 2012 and included a merits finding that Bergantzel's plea "was knowingly, willingly, and intelligently entered." *Id.* The ruling was not appealed in a timely manner and the late-filed appeal was dismissed in August 2013. *Id.*

In late 2013, Bergantzel filed a second application for PCR, alleging his sentence was illegal and PCR counsel in the first action was ineffective. *Id.* The district court dismissed the second application in 2015, finding it was untimely and his sentence was not illegal. *See id.* Bergantzel appealed, and we affirmed in May 2016, finding his second PCR application was not timely filed and his sentence was not grossly disproportionate. *Id.* at *2.

In August 2016, Bergantzel filed a third PCR application, arguing counsel representing him in his second PCR claim was ineffective and his plea was not knowing and voluntary. The district court dismissed the application in 2016, and our supreme court dismissed the subsequent appeal as frivolous.

On October 10, 2018, Bergantzel filed his fourth PCR application. He asserts trial and first PCR counsel were ineffective and the "relation back doctrine" from *Allison v. State*, 914 N.W.2d 866 (Iowa 2018), applied to allow the additional claim. Following a hearing, the district court dismissed the application, finding it was untimely and did not fall within the *Allison* exception.

Iowa Code section 822.3 (2018) provides, "[A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." In June 2018, our supreme court created a narrow exception:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Allison*, 914 N.W.2d at 891.

This PCR action was filed twelve years after procedendo issued in Bergantzel's direct appeal and more than five years after his first PCR action concluded. It cannot be considered to have been "filed promptly after the conclusion of the first PCR action." *Id.; see also Morris v. State*, No. 18-1021, 2019 WL 3714820, at *2 (Iowa Ct. App. Aug. 7, 2019) (holding a third PCR action filed over nine years after the first PCR action was time-barred); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019) (holding a third PCR application filed more than forty-six months after the first PCR action ended did not fall within the *Allison* exception).

Bergantzel's fourth application for PCR is untimely, and his claims that trial and first PCR counsel were ineffective are time barred.

**AFFIRMED.**